IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

Case No. , Courtroom

COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION,

    Plaintiff,

v.

PERA, LLC, a Nevada limited liability company,

    Defendant.

## DEFENDANT PERA LLC'S NOTICE OF REMOVAL

    In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant PERA LLC ("Defendant") hereby removes the civil action pending in the District Court of Denver County, Colorado, Case No. 2020cv33058, to the United States District Court for the District of Colorado. In support of removal, Defendant states as follows:

    1. On September 3, 2020, Plaintiff Colorado Public Employees' Retirement Association ("Plaintiff") commenced an action against PERA by filing in the District Court of Denver County, Colorado a complaint styled *Colorado Public Employees' Retirement Association v. PERA, LLC*, Case No. 2020cv33058. (A copy of the Complaint and the Summons served upon Defendant are attached as Exhibit 1 hereto.) The Complaint seeks damages for alleged violation of the Colorado Consumer Protection Act and for alleged unfair competition. Defendant was served with the Complaint on Friday, September 4, 2020. (*See* Declaration of Eric Tarno ("Tarno Decl."), attached as Exhibit 2 hereto, at ¶ 3.)

**I.      This Matter Meets All of the Diversity Jurisdiction Requirements of 28 U.S.C. § 1332(a)**

2.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), which grants to the United States District Courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  This case meets all of the requirements for diversity jurisdiction.

3.      First, complete diversity of citizenship exists between Defendant, a citizen of Nevada, and Plaintiff, a citizen of Colorado.  Plaintiff is a "body corporate" created by the State of Colorado "with the right to sue and be sued," but "shall not be subject to administrative direction by any department, commission, board, bureau, or agency of the state."  C.R.S. § 24-51-201.  As a "body corporate" that is not an "arm" of Colorado, Plaintiff is a citizen of Colorado for diversity jurisdiction purposes.  *See Moor v. Almeda County*, 411 U.S. 693, 717-18 (finding that a "political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes"); *see also Bushman Const. Co. v. Air Force Acad. Hous., Inc.*, 327 F.2d 481, 483 (10th Cir. 1964) (recognizing Colorado Public Employees' Retirement Association as a defendant in a federal diversity action).  Per Paragraph 2 of the Complaint, Plaintiff's principal place of business is 1301 Pennsylvania Street, Denver, CO 80203.  Defendant is a limited liability company and a wholly-owned subsidiary of Grow Capital, Inc.  Because Defendant's only member, *i.e.*, Grow Capital, Inc., is a Nevada corporation with its principal place of business in Henderson, Nevada, Defendant is a citizen of Nevada.[1]  (*See* Tarno Decl. ¶ 2.)  Complete diversity therefore exists between the parties.

---

[1] For diversity jurisdiction purposes, "a limited liability company . . . is treated like a partnership for purposes of establishing jurisdiction; its citizenship is determined by the citizenship of its members." *Clemmons v. Wells Fargo Bank, N.A.*, 680 Fed. Appx. 754, 757 (10th Cir. 2017) (citing *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046–47 (10th Cir. 2016)).

4.	Second, the amount in controversy requirement is satisfied. In the Relief Request paragraph of the Complaint, Plaintiff seeks Defendant's "profits realized as a result of its [allegedly] unlawful conduct." The allegedly unlawful conduct according to the Complaint is Defendant's successful, and legal, marketing campaign in Colorado. As sworn by Eric Tarno, Defendant's President, Defendant's profits from this campaign are well over $75,000. (Tarno Decl. ¶ 4.) Accordingly, the amount in controversy requirement is satisfied.

## II.	Defendant Has Satisfied the Procedural Requirements for Removal

5.	This Notice of Removal is timely because it is being filed within 30 days of Defendant being served with the Summons and Complaint on September 4, 2020 and within one year of the commencement of this action. 28 U.S.C. § 1446; *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

6.	Because this action is brought in the District Court of Denver County, Colorado, venue for purposes of removal is proper in this Court under 28 U.S.C. § 85: this District embraces Denver County, Colorado, the place where the action was pending prior to removal. *See* 28 U.S.C. § 85; 28 U.S.C. § 1441(a).

7.	In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Defendant have been attached as Exhibit 1.

8.	In accordance with 28 U.S.C. §1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through its counsel, and to the Clerk of the Court for the District Court of Denver County, Colorado. A copy of the notice is attached as <u>Exhibit 3</u>.

**III.     Conclusion**

For the reasons provided, Defendant hereby removes this case from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado, Denver Division and further requests that the Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED:  September 24, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Lauren M. Gregory*
Marcus L. Mintz
mmintz@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Lauren M. Gregory
lgregory@seyfarth.com
1075 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant PERA, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 24, 2020, I electronically filed a copy of the foregoing **DEFENDANT PERA LLC'S NOTICE OF REMOVAL** by using the CM/ECF system, which will send a notice of the electronic filing to those persons registered to receive it in this case, and that I have emailed and mailed the foregoing to Plaintiff's attorneys of record as follows:

Caleb Durling
cdurling@foxrothschild.com
Maureen Carroll
mcarroll@foxrothschild.com
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, CO 80202


*/s/ Lauren M. Gregory*